THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SVEN GOLDMANIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN INSINGER, *et al.*, <br><br> Defendants. | CASE NO. C13-2035-JCC <br><br> ORDER GRANTING MOTION FOR SANCTIONS |

This matter comes before the Court on the Insinger Defendants' Motion for Sanctions against Plaintiffs and their attorney. (Dkt. No. 65.) Having thoroughly considered the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the Motion for Sanctions, against Plaintiffs only, for the reasons explained herein.

I.     BACKGROUND

The suit giving rise to Defendants' Motion for Sanctions was closed in July. On July 29th, 2014, this Court granted Defendants' Motion for Summary Judgment (Dkt. No. 20) in part, recognizing that Plaintiffs' only federal claim (a RICO claim) was barred by the applicable statute of limitations. (Order, Dkt. No. 49.) This Court declined to exercise supplemental jurisdiction over Plaintiffs' twenty remaining state-law claims. (Judgment, Dkt. No. 50.)

The lawsuit involved a long-running dispute among current and former members of Insinger-24, LLC, a family-run business that exists solely to hold and lease a piece of real estate

in Bothell, Washington.  The LLC was originally formed by Robert Insinger, whose children, along with their spouses, were made members of the company at various points.  Plaintiff Linda Insinger was married to Defendant F. Robert Insinger, III (Rob Insinger) and previously held an interest in the LLC; Plaintiff Sven Goldmanis was married to Elizabeth Insinger and also held an interest in the LLC.  Linda ultimately divorced Rob and Sven divorced Elizabeth.  Since 2004, the parties have been engaged in extensive litigation in Idaho, California, and Washington state courts over their respective interests in the LLC.  The thrust of this long-running dispute involved alleged financial harm to Plaintiffs Linda Insinger and Sven Goldmanis caused by Defendants' operation and management of Insinger-24 between 2003 and 2007.  Plaintiffs alleged that beginning in 2003, the "Insinger Defendants" – Rob, John, Susan, and Elizabeth Insinger – engaged in a fraudulent scheme to dissociate them from the LLC.

This controversy had long been the subject of litigation at the point when Plaintiffs filed their RICO suit and attendant state law claims in November 2013.  In 2004, the LLC sought a declaratory judgment as to the enforceability of the LLC's Operating Agreement amendments and deficit contributions in an Idaho state-court lawsuit.  Sven Goldmanis counterclaimed and challenged the LLC Operating Agreement amendments.  The court in that lawsuit concluded that the amendments were valid and that the deficit contributions were warranted and enforceable against Mr. Goldmanis.  (*See* Dkt. No. 21, Ex. C.)

Subsequently, in 2007, Linda Insinger sued the Insinger Defendants and Sven Goldmanis (her co-Plaintiff in the suit before this Court) in Idaho state court.  She alleged in that action that the Insinger Defendants manipulated the LLC Operating Agreement in order to squeeze her out of the LLC.  (See Dkt. No. 21, Ex. A at ¶ 34.)  In 2007, Ms. Insinger "settled and resolved any and all disputes" related to the Idaho Complaint, including claims that were actually asserted, could have been asserted, or "ha[d] arisen or could arise from the operation, management or financial affairs of the LLC."  (*Id*., Ex. G. at 2, 5.)  As a part of that agreement, Ms. Insinger also agreed to relinquish all of her rights to any interest in the LLC.  (*Id*. at 6-7.)  Ms. Insinger's 2008

marriage dissolution proceedings subsequently incorporated the terms of the 2007 settlement; there, she re-affirmed the agreement to release her ex-husband of any known or unknown claims related to the claims from the 2007 lawsuit. (*Id.*, Ex. J.)

During Mr. Goldmanis' marriage dissolution proceedings in 2007 and 2008, he argued that the Insinger Defendants wrongfully acquired his interest in the LLC. Mr. Goldmanis asserted in a 2008 declaration that the Insinger Defendants wrongfully benefitted by $500,000.00 each when the LLC refinanced the Bothell property loan. (*Id.*, Ex. F.)

In 2011, Ms. Insinger sued her former attorneys from the 2007 action, alleging that they erroneously advised her to settle the 2007 claims relating to the LLC. As a part of that lawsuit, Rob and John Insinger were deposed in April and May 2013. In the instant suit, Plaintiffs asserted that in those depositions, John and/or Robert Insinger testified that the Insinger Defendants improperly withdrew $500,000.00 to $1,000,000.00 in equity per sibling – *and that this was the first Plaintiffs learned of such alleged improper withdrawals.*

Plaintiffs' counsel filed this lawsuit on November 12, 2013. (Dkt. No. 1.) The Insinger Defendants filed a motion for summary judgment on the grounds that Plaintiffs' claims were barred under the applicable statutes of limitations and the doctrine of *res judicata*.

In our July 29, 2014 Order, this Court held that Plaintiff's RICO claims were time barred. This Court found Plaintiffs' statements that their losses were unknown and not discovered until 2013 to be "incredible." We noted that such statements were unsupported by any actual evidence and contradicted the very pleadings Plaintiffs made in previous lawsuits. (*See* Order, Dkt. No. 49 at 16 fn. 9.) The statute of limitations issue provided sufficient grounds on which to dismiss the case.

Now, the prevailing Insinger Defendants request that this Court impose sanctions on Plaintiffs and their counsel. (Motion for Sanctions, Dkt. No. 65.) They ask that Plaintiffs be ordered to pay the costs and attorneys' fees incurred in litigating this matter in this Court. Defendants state that this

> [L]awsuit was an ill-conceived, vexatious attempt to re-litigate matters that were fully and finally litigated several years ago in other jurisdictions.  Plaintiffs Linda Insinger, Sven Goldmanis and their counsel, Matthew Johnson, pursued this case without legal merit knowingly and recklessly; and in doing so, they subjected the Insinger Defendants to unnecessary legal expenses, even though they knew this lawsuit contained "substantially the same allegations as the actual 2007 Idaho complaint." In addition, the plaintiffs recklessly and carelessly multiplied the proceedings by filing frivolous motions and falsely accusing the Insinger Defendants of unethical, unprofessional and even criminal behavior.

(*Id.* at 2 (quoting the Court's July 29, 2014 Order, Dkt. No. 49 at 4, fn. 2.))  On these grounds alone the Defendants filed a motion for sanctions on August 7th, 2014.  (Dkt. No. 51.)  However, Defense withdrew that motion and replaced it with the instant one after "new evidence of bad faith was discovered . . . when the plaintiffs filed two declarations that have now been deemed forgeries."  (Motion for Sanctions, Dkt. No. 65 at 1 fn. 1.)

## II.   DISCUSSION

### A.   Relevant Legal Standard

Federal courts have an inherent authority to sanction both attorneys and parties for bad faith litigation.  *Trade Associates, Inc. v. Fusion Technologies, Inc*., 2011 WL 5975057 at *4 (W.D. Wash.) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)).  The standard for applying sanctions under this authority is "subjective bad faith," which occurs when counsel or parties act vexatiously, wantonly, or for oppressive reasons.  *See id.* (citing *Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 646 (9th Cir. 1997)).

The Court's adjudication of this Motion is also governed by Local Rule 7, which states that "[e]xcept for motions for summary judgment, if a party fails to file papers [i.e., a brief] in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  At Docket Number 72, Plaintiff's counsel filed a document entitled

"Response by Plaintiff Sven Goldmanis to Motion for Sanctions." However, this document is *not* a response, but, inexplicably, the Defendants' own Motion for Sanctions. Thus, Plaintiffs have failed to file a brief in opposition to the Motion for Sanctions. Neither was such error an issue with electronic docketing alone – the Clerks' Office of this Court received no hard-copies of any brief in opposition.

However, Plaintiffs' counsel did file a Declaration and several exhibits presumably intended as evidence against the Motion for Sanctions. The Court will consider these filings, but without a proper Response Brief, we must assume, per Local Rule 7, that any allegations made in Defendants' Motion but unanswered in these declarations and exhibits are conceded by Plaintiffs.

### B. Plaintiffs' Alleged Bad Faith Filing of this Suit in Contravention of the Statute of Limitations

The Insinger Defendants' first justification for sanctions is that Plaintiffs recklessly filed a suit that was duplicative of prior proceedings, being fully aware that their claims were time barred. (Motion for Sanctions, Dkt. No. 65 at 5.) The Court agrees with this characterization. Plaintiffs' counsel, Matthew Johnson, declares that when Sven Goldmanis approached him with this case at a "networking event" in Bellevue, the "issue of res judicata and statute of limitations" were "apparent from the start." (Declaration of Matthew Johnson, Dkt. No. 72, Ex. A at 1.) Plaintiffs' counsel's only justification for continuing on in this case after receiving Defense counsels' multiple warning letters regarding the duplicative nature of the suit was that he "reviewed the case and the facts with more experienced attorneys as well as with the help of Sven Goldmanis . . . [and] each of them reviewed the material . . . [and] recognized . . . that the statute of limitations was at issue but could be overcome." (*Id.* at 2.) However, Plaintiffs' only attempt to "overcome" the time bar consisted of averring that they had discovered new information since the previous litigation that gave novel supporting evidence to the instant suit. However, as this Court noted in our July Order, we found this argument to be completely

1  incredible. (*See* Order, Dkt. No. 49, 16 fn. 9 ("To the extent Plaintiffs assert that the loss of their
2  LLC interests and accompanying financial harm 'were completely unknown' and 'not
3  discovered' until 2013, the Court finds such statements to be incredible. Such statements are
4  unsupported by any actual evidence and fly in the face of the very pleadings these Plaintiffs have
5  made in previous lawsuits.")) That this contradiction was set out for Plaintiffs in Defense
6  counsel's January 2014 letter regarding the duplicative nature of the suit, (*see* Motion for
7  Sanctions, Dkt. No. 65 at 5; *see also* Brennan Declaration, Dkt. No. 52, Ex. B at 1), further
8  supports a finding that Plaintiffs not only recklessly, but knowingly brought a frivolous, time-
9  barred suit in bad faith. Accordingly, sanctions are proper under the Court's inherent sanctioning
10 power.

        C.      **Alleged Forging of Plaintiffs' Declarations**

12 More disturbingly, the preponderance of the evidence points to someone having forged
13 both Sven Goldmanis' and Lisa Insinger's signatures on declarations to this Court. On August
14 12, 2014, Plaintiffs' counsel filed two declarations from his clients in support of a motion for
15 reconsideration. The two August client declarations present readily visible anomalies compared
16 to declarations previously signed by the parties. Further, Hannah McFarland, a Certified
17 Document Examiner, avers that she has examined and compared the original versions of the
18 Sven Goldmanis and Lisa Insinger signatures in question, to several documents previously
19 signed by these two parties. In her expert opinion, she concludes that both signatures on the
20 August declarations were executed by parties other than the people who had executed the several
21 previous signatures attributable to the two Plaintiffs. (Declaration of Hannah McFarland, Dkt.
22 No. 69 at 3. *See id.* at Exs. B-F for a comparison of the August signatures to the previous
23 signatures.)
24 As his sole response to these very serious allegations, Plaintiffs' counsel submitted a one-
25 sentence declaration from Sven Goldmanis attesting that the signature on the August 12, 2014
26 declaration was indeed his. (Dkt. No. 72, Ex. E.) In Exhibit E, Plaintiff's counsel also

1 purportedly includes a declaration from Lisa Insinger presumably attesting to the accuracy of her
2 August signature, but her declaration is completely illegible.  When Plaintiff's counsel attempted
3 to re-file her accuracy declaration at Docket Number 74, he did not actually attach a new version.
4 Given the paucity of evidence supporting the accuracy of these August signatures and the expert
5 opinion that they are forgeries, the Court notes that at the very least, there are serious questions
6 as to whether someone forged Plaintiffs' signatures.  However, the Court does not reach this
7 grave issue, as the filing of a duplicitous, time-barred suit presents sufficient ground to support
8 sanctions against Plaintiffs.

9 **III.   CONCLUSION**

10       For the foregoing reasons, Defendants' Motion for Sanctions (Dkt. No. 65) is
11 GRANTED.  Plaintiffs are ORDERED to reimburse the Insinger Defendants for their attorneys'
12 fees and costs, totaling $140,413.18.

13       DATED this 1st day of December 2014.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE