THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SVEN GOLDMANIS, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN INSINGER, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C13-2035-JCC<br><br>ORDER AMENDING JUDGMENT AND GRANTING MOTION TO WITHDRAW |

　　　　These matters come before the Court on "The Insinger Defendants'" Motion to Amend Judgment (Dkt. No. 80) and Plaintiffs' counsel's Motion to Withdraw as Attorney (Dkt. No. 77). Having thoroughly considered the parties' briefing, the relevant record, and the applicable federal and local rules, the Court finds oral argument unnecessary and hereby GRANTS the Motion to Amend in part and GRANTS the Motion to Withdraw in full.

　　　　This Court entered judgment against Plaintiffs in response to Defendants' Motion for Sanctions. (Judgment, Dkt. No. 79.) According to Defendants' attorney, such Motion was filed by some, but not all of the Defendants. (Motion to Amend Judgment, Dkt. No. 80 at 1.) The Motion for Sanctions (Dkt. No. 65) is entitled "Insinger Defendants' Motion for Sanctions." (*Id.*) In this Motion, the Insinger Defendants are defined as Elizabeth Insinger, John Insinger, Robert Insinger, Susan Insinger, Insinger-24 LLC, Virginia Hayes Testamentary Trust, Risch Goss Insinger & Gustavel, and Hollis Seim. (*Id.* at 2.)

1     The Federal Rules of Civil Procedure provide that a "motion to alter or amend a
2 judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P.
3 59(e). Defendants seek to amend the Judgment imposing sanctions to 1) identify all the parties
4 in the case caption; 2) identify each Plaintiff responsible for payment by name (Linda Insinger
5 and Sven Goldmanis); 3) identify each Defendant owed reimbursement of attorney's fees and
6 costs; and 4) reference and incorporate the September 2, 2014 Taxation of Costs (Dkt. No. 71)
7 into the amount assessed. (Motion to Amend Judgment, Dkt. No. 80 at 2.)

8     With regard to request one, this Court is not in the practice of identifying all parties in the
9 caption, but will add "*et al.*" to the caption on the Amended Judgment, which, in fact, was the
10 format used by Defendants in their proposed order granting their Motion for Sanctions. (*See*
11 Motion for Sanctions, Dkt. No. 65, Ex. 1.) The Court will grant Defendants' second and third
12 requests, in light of Defendants' argument that such is necessary to avoid confusion in
13 subsequent proceedings.[1] Lastly, with regard to Defendants' fourth request, the Court has
14 amended the Judgment to include the $893.15 in costs that the Clerk of the Court assessed
15 against the Plaintiffs in September. (*See* Dkt. No. 71.)

16     Plaintiffs, in their Response to Defendants' Motion to Amend Judgment, do not oppose
17 the above requests. (Plaintiffs' Response to Motion to Amend, Dkt. No. 81 at 2.) However,
18 Plaintiffs ask that the Court "bifurcate" the "work performed for each Plaintiff and then broken
19 down by each Defendant, as certain motions related to one but not necessarily both Plaintiffe
20 [sic] (eg Motion to disqualify relating to Sven Goldmanis); and which Defendant paid which
21 fees." (*Id.*) The Court declines this request, because 1) it is unclear exactly what Plaintiffs
22 desire; 2) such request is outside the scope of Defendants' Motion to Amend Judgment, and

---

[1] The Court notes that the Defense has not been entirely consistent in its use of the "Insinger Defendants." For instance, Susan Insinger is omitted from Defendants' proposed amended judgment (Declaration of Thomas Brennan, Dkt. No. 80, Ex. A), but is included in the Motion to Amend. The Court elects to use the broadest definition of the term the "Insinger Defendants," *i.e.*, that which was included in the Motion to Amend Judgment (Dkt. No. 80).

ORDER AMENDING JUDGMENT AND
GRANTING MOTION TO WITHDRAW
PAGE - 2

therefore may be stricken under Local Civil Rule 7(g) and Federal Rule of Civil Procedure 12(f);[2] and 3) the Court is without the information necessary to accomplish any bifurcation of costs.  As Defendants demonstrate, Plaintiffs' counsel's request is "well beyond the relief sought in this motion" for amended judgment, and the "plaintiffs could have addressed the apportionment of debt in their response to the sanctions motion against Linda Insinger, Goldmanis, and their attorney."  (Defendants' Reply in Support of Motion to Amend Judgment, Dkt. No. 83 at 2.)

*   *   *

Before this Court is also Plaintiffs' counsel Matthew Johnson's Motion to Withdraw.  (Dkt. No. 77.)  Mr. Johnson states that a breakdown of communication and understanding has occurred between himself and Mr. Goldmanis, which makes it impossible for him to continue to effectively represent Mr. Goldmanis.  (*Id.* at 1.)  According to the Court Rules of the State of Washington:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
> > (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> > (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> > (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> > (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> > (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> > (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> > (7) other good cause for withdrawal exists.

---

[2] *See also Quinstreet, Inc. v. Ferguson,* 2008 WL 5102378, at *4 (W.D. Wash., Nov. 25, 2008) ("A movant may not raise new facts or arguments in his reply brief.") (citing *United States v. Puerta*, 982 F.2d 1297, 1300 n. 1 (9th Cir.1992)).

Washington State Court Rules, Rule 1.1.6: Declining or Terminating Representation.  The Court finds such circumstances present here, given the events that led to the Court's sanctioning of Plaintiffs and counsel's assertion that it is no longer possible to effectively represent Plaintiff given the current lack of communication (*see* Motion to Withdraw, Dkt. No. 77 at ¶1).  As such, the Court GRANTS Plaintiffs' counsel's Motion to Withdraw (Dkt. No. 77).  All further correspondence shall be sent to Sven Goldmanis at P.O. Box 50402, Bellevue, WA, after Plaintiff's counsel supplies the Court with the correct zip code.[3]

For the foregoing reasons, Defendants' Motion to Amend (Dkt. No. 80) is GRANTED in part and Plaintiffs' counsel's Motion to Withdraw (Dkt. No. 77) is GRANTED in full.

DATED this 6th day of January 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Counsel incorrectly lists Sven Goldmanis' Bellevue P.O. Box's zip code as 98105, which is not a Bellevue zip code.  Plaintiff's counsel is directed to supply this Court with Plaintiff's correct P.O. Box address, after which point the Court directs that all correspondence shall be sent to Plaintiff at this address.